Good afternoon, Bridget Kennedy, Federal Defenders of San Diego, the appellant, defendant, Mr. Alvarez. Your Honors, I'd like to start with the Speedy Trial Act violation. In this case, the 70-day clock in the speedy trial began on the day that Mr. Alvarez was indicted because he had previously appeared in the Southern District of California on these charges. There was no excludable time for 76 days until the first set of pretrial motions were filed. The government's argued that there... Judge Huff did a calculation in court, right? Yes, Your Honor. An excludable time calculation. No, I don't believe the court did an excludable time calculation. The court did a calculation as to when the speedy trial clock would run, and that was an incorrect calculation. She started it from the date of the arraignment and not the date of the indictment. And the defendant and his lawyer were in court at the time. That's correct, Your Honor. So the judge does this calculation, and there's no objection at the time? That's correct. There's no argument? That's correct. The first objection was not made until the motions in limine hearing. Why isn't that the end of the case, of that issue? I mean, the reason the judge does this kind of, and I believe that's very common in district court, is for the judge to lay out in open court what the judge believes to be the calculation, excludable time or whatever the time limits are, so that counsel can object. Well, there's two reasons why that's not the end of the case. First is that this court has made very clear consistently that a defendant can't waive time, can't consent to violations of the Speedy Trial Act, can't stipulate to violations of the Speedy Trial Act. And because of that, there are very limited circumstances in which this court can find a waiver of an objection. And it's actually one circumstance, and that is the waiver that's laid out in 3162 in the statute itself that says if the objection is not made before trial, then the objection is waived. The court has never found that there was a waiver of an objection based on any other timeliness factor, but only if the objection is not made before trial. The second issue is this is not just the responsibility of the defendant. This is first and foremost the responsibility of the court and the government, and after that the defendant. Well, I mean, the fact that we have not said so before, I mean, we did say that if you don't do it before trial, it's too late. You have waived it, and what is it about? Is there any case that says that we should not hold it when the judge makes a calculation on the record with counsel present, a failure to? I mean, the thing is if you raise an objection there, the judge can either correct the situation or make further findings, or, you know, this was a question of six days, right? Because it was six days between the indictment and the first appearance, the first appearance after the indictment, right? There was an arraignment. It's more than six days, Your Honor. It was the arraignment was about three weeks later, and the reason why the court can't find that failure to make an objection at that time as a waiver is simply because the defendant cannot waive such rights under the Speedy Trial Act unless the objection is not made before trial. Here that's exactly what happened. The objection wasn't made. So what case says that that's the only kind of objection? That's the only kind of waiver? Well, the court needs to look to, first, the cases that make clear that the defendant cannot waive time under the Speedy Trial Act, and I can point the court to some of those cases, including Ramirez-Cortez. I'm sorry? Ramirez-Cortez, Your Honor. Specifically, I believe it's page 1156. Berberian says the same thing, as does Pollock at, I believe, 1464. And those are for the general. Which is your best case, Ramirez-Cortez? I mean, which is your best case? I believe Ramirez-Cortez, Your Honor. I mean, it's a general proposition that's set forth in each of those cases. Well, obviously it doesn't apply if you raise it after trial, right? Yes. And it doesn't apply if it's raised during trial. Or during trial. It has to be raised before trial. After trial commences. So it's not as absolute as all that. I'm sorry.  On Ramirez-Cortez would be page 1156, Your Honor. Your Honor, it's not 100% absolute. But the only exception that's ever been recognized is the exception that's laid out in the statute in 3162. And that is before trial. Other than that, there has not been any other objection. I want to ask you something to clarify something. When the objection was first made, it was pretrial. So it was timely under the Speedy Trial Act. The judge denied it, the motion only on the ground of untimeliness. I think that's correct. That's correct. Because the other, just to clarify for me, when she finally went through and made a finding of excludable time, which she didn't make specifically with reasons, which is what I used to do, in fact, required, that was after trial. That's right. There was no findings of excludable time at all during this period. But before trial, there were no findings. As to this time period, there were later periods of excludable time, which we don't dispute. But as to this time period. September 10 forward. September 10 forward, did you actually enter into stipulations at that time and agree with the government? There were some made at defense's request. There were some made at the government's request. There were unavailable witnesses, competency proceedings, and other things. We're not at all disputing any of those continuances after pretrial motions were filed. Okay. So it's just for the period before. Correct. Okay. But as to the period before trial, she never made any findings. Correct. Okay. Counsel. You're correct. There's direct mention of waiver in the statute you reference in a context in which it's clearly not waiver but forfeiture, loss of a right by failure to timely assert it. Did you find any cases that discuss the phrase before trial? Well, I can tell the court that there are cases that found that a motion brought the morning of trial before the jury was impaneled and in the courtroom were timely. With reference to this issue, the speedy trial issue? With reference to the speedy trial issue, yes, Your Honor. Specifically, that would be in Hagues, the motion was brought on the day of trial. Perez-Rivelas, the motion was brought the day of trial. And then in Berberian, in that case, it was also brought the day of trial and then the court found in that case it was not brought before trial. I think those are the cases that most closely discuss what before trial means. Additionally, in Shetty, the objection was brought, I believe, almost two years after the violation occurred. It was 10 days before trial and the Ninth Circuit noted that that did not waive the objection, that it was timely. I would like to reserve a couple minutes for rebuttal. I believe I have about two minutes left, if I may. Okay. You concede that the other issues that you raise have been addressed by intervening decisions of the Ninth Circuit? No, Your Honor. As to the Navarro case, that case doesn't control, or at least their structural error analysis does not control here because it doesn't address the grand jury's discretion to choose not to indict even in the face of probable cause. It only addressed the probable cause issue. As to Orozco-Acosta, the harmless error analysis doesn't control in this case either because in that case there were two confessions introduced to the jury where the defendant admitted that he had not sought permission or been granted permission to reenter the United States. Thank you. Thank you. Okay. We'll hear from the government. Good afternoon. May it please the Court. Victor White for the United States, and I'd like to thank Your Honors for moving the oral argument up to accommodate me. I want to begin with the last point that Your Honor mentioned as to whether the other issues besides speedy trial have been addressed by this Court's recent precedent. And with regard to Orozco-Acosta, it's our position that Orozco-Acosta controls here. While there wasn't the two previous confessions, I think in Orozco-Acosta there was a record of sworn statement. The circumstantial evidence in this case is overwhelming that of the defendant's guilt as to the element of no permission to reenter. There was basically over a mile of footprints that the agent testified to away from the U.S.-Mexico border. In addition, there was also the evidence that 23 days before the defendant had been apprehended in that same spot. And with regard to the May 12th date, which is the date at issue here, the defendant did tell the agent that he was a Mexican citizen, and the agent found no documents allowing him to be lawfully present in the United States on that date. With regard to the search of records and databases, the agent, who's the AFILE custodian responsible for doing those searches, did a physical search in the physical file as well as a database search. That database search he testified to would be the same search that was conducted by the people authorized who would have submitted that certificate of nonexistence of record. Moving briefly to the grand jury misinstruction error in Navarro, this Court's precedent in Navarro controls here. It's the same misinstruction error that's at issue here. Again, any error is cured by the petite jury's conviction, and it's the government's position that that grand jury misinstruction error is not at issue. Furthermore, Alvarez doesn't point to any specific exculpatory evidence that wasn't presented to the grand jury in making that argument. Is that still part of the general instructions to the grand jury in San Diego? I mean, you would think by this time, since we've, you know, had to review this particular error numerous times, that the instruction would be changed. Your Honor, I'm not certain. I know that there was commentary that that was outside of what was in the bench book, and I know there have been recent grand juries and panels, and I will follow up. Yeah, it just seems like since we've said it's there, only we've said it's cured, you would think they'd take out the erroneous comment. I'd like to turn to the issue of waiver under the Speedy Trial Act. While Alvarez does note that 3162 does provide for waiver, the specific waiver is not just on a timeliness issue. 3162A2 says failure of the defendant to move for dismissal prior to trial. Now, failure to move, if we look at the record here, the district judge at the end of the motions in limine on the eve of trial is presented with an objection, an oral objection, not a motion, nothing in writing. And this is what the defense counsel says. And I was just, this is an excerpt of Record 262, and I was just reviewing Pacer this morning, and I just wanted to make the objection for the record to make sure that it's But it appears to me that there may be a speedy trial violation that happened initially in this case. So I wanted to make the motion to dismiss on that ground. Counsel, that's tantamount to making, I mean, whether you characterize it as an objection or a motion to dismiss, if the district court had not said, no, it's untimely, that she might have had to consider the merits before trial. Your Honor, I think that this Court's decision in Brown and this Court's decision in Berberian are squarely on point here. This is a passing reference. There is not enough to really alert the district judge. Well, counsel, doesn't the quotation that you make from the record, if you continue doesn't counsel for the defense go on and start to say, I mean, clearly the part you've quoted could be dismissed by us as, oh, gosh, there may be an issue here somewhere, but I'm not prepared to argue it, in which case we could find that would be insufficient to raise the issue, put the Court and the parties on notice and so on. But she attempts to go on, and she starts to say, and so-and-so, he did this, and then the trial judge cuts her off. Could we dismiss this case simply on the basis that there was really never a motion made? There was only a suggestion that a motion might be there, and it was, quote, for the record. And, Your Honor, that's where I think really the language, well, you know, we look farther on, and the Court does mention it's untimely. The Court also mentions that there's nothing was filed, and so this is on the eve of trial. Nothing's before the Court. No specific argument is being raised of what happened in those initial hearings. Well, she was, she kind of, I kind of want to jump off of that because the record speaks for itself, and we have limited time, but, okay, United States v. Antonio says that if there is a STA violation, then there's mandatory dismissal. But what I found interesting was the remedy in that case. Basically, the Court, we held that the trial court needs to now, if there was, if we find there's an STA violation, the trial court needs to determine whether the pre-indictment delay would have required dismissal of the complaint with or without prejudice. And if the trial court concludes that the delay required dismissal without prejudice, then the Court can just simply reinstate the judgment and the sentence. So I don't know why we just don't follow our, you know, twisting and turning all these points, just follow our existing controlling law, let Judge Huff decide whether there was prejudice based on the six days, which, you know, frankly, well, there'll be a new record, but right now it doesn't look like there was to me on this record, and then just reinstate the judgment and sentence. I mean, it's a simple thing to cure. Your Honor, the position would be if this Court were to find that there was no waiver, there is also the issue of other proceedings under 3161H1. While Bloat looked at the specific issue of pre-trial delay in the preparation for the filing of pre-trial motions, we have here, similar to Arellano Rivera, similar to Lopez-Asuna, we have an issue where we have two criminal cases that were pending. There was the same charges. I mean, those cases, I've looked at your cases, and they're not precisely on point here. It's the same charge based on the same acts. The only thing that was happening here that's different is that there was a fast-track plea being negotiated, but the information was never dismissed. It remained pending throughout all this period. And then when the fast-track plea didn't succeed, you filed an indictment, same charge. Your Honor is correct. It was an illegal entry. Other proceedings. This Court's opinion in Solorzano, while that case was dealing with the withdrawal of a guilty plea, specifically noted that basically the different charge was not the controlling element. And if at Solorzano 368 Fed Third at 1078, the subsection would be superfluous if Congress had intended other proceedings concerning the defendant in 3161H1 to mean only proceedings involving a different charge from that contained in the eventual indictment. And so while we did have the same criminal charge in the information, that again was based on the defendant representing that he was going to waive indictment and plead guilty to that. But how is that a different proceeding? It's still the same proceeding. It's the same charge. It's still pending. That's just, you know, somehow he didn't enter the plea. We don't know all the reasons. We don't know what all the government was asking. And then it's just turned into an indictment. It's the same proceeding all along. Well, Your Honor, there are two different criminal case numbers that are assigned. The information had one. And that information remained pending until the defendant's arraignment on the indictment, which was the date that was used for the calculation of the 70 days for the speedy trial. Well, it would seem to me relying on the two different case numbers is form over substance. The government has a choice as to whether to file it under the same case number or a different case number, right? Actually, with these fast-track cases, there's almost always, if there is no plea to an information, an indictment under a different case number that's filed. There's a notice of related case that links the cases. Yeah, but that's not the question I asked. The government can decide whether to use it. I mean, the fact that it does always or almost always use a different case number is not responsive. The question is can the government choose to file it under the same case number as opposed to a different case number? For a subsequent charge or the same charge? Exactly this happened here. Let's say the interview went, there was an information, there was a fast-track, there was the volume. The whole thing that happened here and then the government says, okay, now I'm going to have to go get an indictment and goes and gets an indictment. What is it? Is there anything that precludes the government from filing it under the same number? That I'm not aware of, Your Honor. I will look into it. If it's in the government's hands, then it's a little hard to give this positive weight to the different case numbers if the government can decide which one to use. I then want to ask you the same question I asked your opposing counsel. Do you agree with her analysis about the failure to speak up at the time the judge conducted the calculation of the speed trial act limits, that failure to object at that point can't constitute a waiver? Your Honor, I think in the particular circumstances of this case, yes. Because the actual maximum trial date was placed in a minute order, counsel was informed of that maximum trial date. I'm sorry. You said yes. I wasn't quite sure. By yes, you mean that there was a waiver or yes, there was no waiver? Yes, there was a waiver. The way I phrase the question is do you agree with your opposing counsel that there couldn't be a waiver? I realize that is sort of a backwards question, so I just want to make sure. Let me turn the question around. Do you think there was a waiver? Yes, I do. Based on what happened at the motions and limine hearing and based on. Now, opposing counsel points to various cases, including Ramirez-Cortez proposition that there can't be a waiver. Ramirez-Cortez involved a stipulation, and arguably one could say that the parties can't agree to something, although they are not completely different. I just wanted to find out what the government's position was on this. Well, I think Ramirez-Cortez doesn't control on this issue because we weren't dealing with the failure to raise a timely motion. You had the well-reasoned and excellent opinion of Ramirez-Cortez? Very much so. However, under the facts of Alvarez, we're dealing with waiver for failure to basically make a motion. You're not talking about the same waiver that Judge Kaczynski is talking about. He's talking about the one after trial where she actually finally does a calculation and there's no objection to that calculation. That's the one Judge Kaczynski. I'm sorry. I thought there was a calculation long before trial where the judge laid out what the last date was for the trial. That's correct, Your Honor. There was an initial calculation of the maximum trial date. Did this happen in August? Happened in August before the defendant had another attorney appointed. But that was a correct statement of the date, and then the date was continued, right? The date was a correct statement of the date from the date of arraignment on the indictment, not from the date of filing of the indictment. So that was the calculation that included what defense counsel now claims was an error because it gave a date, which later was continued because of scrutinable time for quite some time. But the initial error was committed if there was an error. It was committed at that hearing where the judge used the trigger date, the arraignment on the indictment rather than the indictment date, right? That's correct. So at that point, defense counsel could have objected on the same grounds as she objects to in her brief here, right? Yes, or even shortly after filing the motion on the pretrial motion on September 10th. And our position is this issue could have been even raised at the motions in limine hearing, or there could have been a motion to shorten time and something filed on the eve of trial. Now, I'm not as experienced as my colleagues in district court proceedings, and I'm certainly not as experienced in what happens in the southern district. But it's my impression, correct me if I'm wrong, that this is quite common for the district judge to bring counsel in early in the case, and on the record calculate the last date for trial so that the speed trial at clock will not be overrun. Is that the case? That's correct, Your Honor. Oftentimes, at the first motion here. The magistrate usually does that, doesn't it? I mean, it's usually just set automatically 70 days from the date of if there's a plea or an arraignment or a plea following the indictment. That's a plea of not guilty. Then it'll be set automatically from 70 days from that date. Well, there is a maximum trial date that's calculated, but the magistrate judge refers the matter to the district judge for the motion hearing. And oftentimes at that initial motion hearing, if no motions have been filed, the counsel are informed of that and are told this is the maximum trial date if no motions are filed. I guess the problem I'm having with that waiver argument is that it's not in the statute. Because the statute doesn't say when you have to make the motion. It says when you can't, when you can no longer make the motion. To constitute waiver under the statute under 3162. Right. It doesn't say you have to. I mean, it seems to me that this statute sort of has a bigger public purpose than, you know, just what's going on between any one defendant and any one prosecutor. But it seems as though, you know, mistakes are made all the time like that. And as long, and this statute seems to say as long as you realize it and make the proper motion before the trial starts, you're timely. Well, and I think that's where if there is to be a cure, the cure has to be with a timely and properly brought motion. And that's not what we have in this case. Okay, now you're inserting and properly brought. The statute doesn't say anything about and properly brought. But it does say moves and moves for dismissal. In this court's case law in Brown and in Berberian, specifically in Brown, their passing reference was not sufficient. No, I know that. It's just, I don't know. It really troubles me when the lawyer is cut off before she can fully get the issue out. It just seems as though Judge Huff just cut off her ability to even make that motion. And then she tried to come back after trial and redress it. And Judge Huff tried to fix it by making the findings that really should have been made before trial. And here, really, it's that in looking at the circumstances of this case, it was a motions in limine that had been continued several times. And while this is being brought up as a sort of oral objection, there was nothing filed that evening, nothing filed for the next morning, something that would at least spell out what were the specific Speedy Trial Act violations that were being alleged. You know, I don't know how many years' experience you've had doing this, but my experience with especially defense lawyers was that they never put anything in writing. And if they did, it generally was not, I mean, they just weren't, that isn't how they conducted practice. They did oral motions, and they're still motions just because they're not in writing. I understand your objection to be, in part, some of it has to do with it being in writing, but also that the grounds weren't specified at the time. That's correct, Your Honor. And how do you deal with Judge Wardlaw's concern, and I think Judge Singleton also expressed it, that perhaps the lawyer would have been more specific if the judge had allowed her to do that? Well, here, you know, there is the transcript, as it indicates, there was no further elaboration. And the judge did recognize on the spot that it was untimely. However, the way in which it's phrased, I think, is critical to look at this, because the defense counsel is not stating that this was the specific violation that happened. It's that I don't know what actually happened, but something may have happened initially. And that puts the district court and the government and everyone on the eve of trial in a very difficult situation of trying to respond to a vague and nonspecific... Well, certainly, if counsel had said, I wasn't the original lawyer in this case. I came in late. Admittedly, I've had the case for two years, but I'm going to need more time. I want a 60-day continuance so I can research the speedy trial issue. Clearly, the court could have told her, no, you're out of luck. But that wasn't what happened. Earlier, Judge Wardlaw posed a hypothetical question that I don't know the answer to, and I'm hoping I'll get some guidance from both counsel. Judge Wardlaw posed the possibility that where there's a speedy trial violation and there's an appellate dismissal or the trial court dismisses after there's been a trial, a jury trial with a verdict and a judgment, and the decision is that the dismissal should be without prejudice. A decision without prejudice means you could retry. Why, Judge Wardlaw, ask you hypothetically, if there's already been a trial and there's already been a jury verdict, why not simply reinstate it and treat that as the new trial? Frankly, that never occurred to me. Do you know anything about that? Has that ever been done? I haven't researched that issue. However, listening to and thinking through that the Speedy Trial Act is really about the swift administration of justice, it wouldn't seem to promote swift administration of justice to have a retrial of a case where there was perhaps a technical violation that all the parties were unaware of due to an earlier trigger date. And so a situation where there is no bad faith on the part of the government and the reinstatement of the verdict would also respect the jury's verdict after having heard the evidence in the case. Okay, thank you very much. Thank you. Thank you. Let's make it two minutes. Thank you, Your Honor. I'd like to address what Judge Singleton just raised and the case of Antonio. And I specifically point the court to Perez-Reveles, where the court discusses remedies for the 70-day for violation of bringing a defendant to trial. And the court discussed Antonio in Antonio's holding. Antonio was not looking at this provision of the Speedy Trial Act. Antonio was looking at the 30-day provision that the indictment has to be brought. In Antonio, the remedy is dismissal of the complaint for a violation of the 30-day provision. For a violation of the 70-day provision, the remedy is dismissal of the indictment. And the court noted in Perez-Reveles that when this court or when the district court dismisses the indictment for such a violation, the judgment cannot just be reinstated. A dismissal without prejudice would allow the government to reindict on the same charges and proceed from there, but would not allow simply a reinstatement of the judgment as it would be allowed for a violation of the 30-day provision of the Speedy Trial Act. Why would that make a difference? I don't have that case in front of me, but why would that make a difference? Because the question is whether it's the complaint dismissed or the indictment dismissed. When the complaint is dismissed, the indictment still stands, and then the judgment and conviction and sentence that was based on that indictment is still fine. And the court noted, the Perez court noted, a criminal complaint is not an essential element in a criminal proceeding. I'm sorry, where are you reading from? I'm sorry, Your Honor. The remedy section is section 4 in Perez, and that's from pages 1353 to 1354. I'm specifically reading the second paragraph on 1354. The however paragraph? Yes, however. The Perez court just says, however, Antonio differs from this case. A criminal complaint is not an essential element in a criminal proceeding. An indictment may be returned without a prior charge in a criminal complaint, unless it doesn't have the same effect. And I think before that, on page 1353, I'm sorry. Yes, on page 1353, in the paragraph beginning, in the event the district court says determines that the case is to be dismissed without prejudice, this would permit the retrial of the defendant only upon the obtaining and filing of a new indictment. A determination of dismissal without prejudice does not permit the reinstatement of the judgment and sentence, as we held in the Antonio case, because notes said it's different statutory provisions. The theoretical reason why that must be the case is because there would be a new indictment, and the trial, the first trial, or the trial would have been conducted on the prior indictment. I think that's correct, Your Honor. You can't have a trial that's conducted on one indictment and serve as an adjudication of a subsequent indictment. The indictment would be the foundation. You might have a double jeopardy problem if that were the case. I think that's true. And so I think here, although this court doesn't have to decide whether any dismissal would be with or without prejudice, Judge Huff can make that decision. If Judge Huff decides it's without prejudice, the government would need to reindict if they so chose. And basically proceed from there and start over with trial or new prosecution. What is your client's custody status? He's been in custody now, Your Honor. I believe he served approximately three years at this point. He's in custody. He had a total sentence of approximately six years, so he served a good portion, majority of the sentence that he was given. I would also just like to address the government's mention of Brown and Berberian. And the government said that in those cases, the Speedy Trial Act objection was waived because the defense in each case only made a passing reference. However, in each of those cases, the defense counsel did not make an objection until trial, and that was the deciding issue in finding that the objection had been waived, that it wasn't until, in one case, until jury voir dire that the Speedy Trial Act issue was raised that made it so that the objection had been waived. Finally, I would like to address the government's point that if the court finds there were other charges in this case, that those other charges remained pending until arraignment. I don't think the court can find there were other charges, but the case law does show that other charges are only pending until the filing of an indictment, not until the dismissal of the information. I would just point the court to Ariana Rivera and Lopez Asuna, both of which found exactly that. I think I'm out of time unless the court has questions. You haven't expressed any view on this issue about whether there was a motion, but at least I don't remember you having addressed that. I don't think I've addressed that explicitly. I do think there definitely was a motion. And I think that Judge Wardlaw was correct that the defense attorney's attempt to make that motion was cut off by the district court. I do want to point out for the court that just a few minutes before defense counsel raised this motion, Judge Huff had indicated that she would consider further motions. And that's on page 257 of the record, where Judge Huff said, the motion for leave to file further motions, if any, are warranted. I'd certainly entertain them. But if something comes up, then you can file. And then at that same hearing, a few minutes later, defense counsel said, now something has come up and attempted to raise that motion. She did say file. Yes. Which sounds to me like something in writing. Well. I mean, it's a fine point as to whether there's an oral motion or just an objection. I think on that one, probably you have a better argument. But the point that what was stated there did not seem to be raising a specific issue of speedy trial. It was simply said there's a speedy trial problem, I think, but I don't know what it is. It doesn't really sort of inspire confidence that had the judge allowed further talk, or anything would have come out any more specific than that. It's true it was not the most specific Speedy Trial Act motion. However, defense counsel did explicitly say she was moving. What about this counsel? And admittedly, this is a hypothetical question. It isn't what happened there. But let's say what she said was something along the line of what she did say. I wasn't the attorney at the time. I really don't know but. And then she'd gone on and said, I move to dismiss on the basis of the Speedy Trial Act, and my reasons are A, B, and C. And it turns out her reasons are all wrong. Could she, relying on that motion, come back later and say, well, the real reason is this, this, and this? Yes. I think as long as it was a speedy trial objection or motion made, and that's because it's not just defense counsel's responsibility to monitor the Speedy Trial Act. It's also the government's and the court's responsibility. And actually, under the case law, it's primarily their responsibility to monitor the Speedy Trial Act. So I think any objection that alerts the court, alerts the government to a potential issue where they would share the responsibility of reviewing the record, of trying to figure out what happened, would be sufficient. And at that point, what the court should have done was done her own independent evaluation of what had happened in the trial to determine whether there had been a Speedy Trial Act violation. Certainly, it would be more ideal for defense counsel to present specifically and point the court exactly to where the court needs to look. But because this is a responsibility that falls on all parties in the courtroom, it can't be that defense counsel has to make that specific motion in order to preserve it. Okay. Thank you. Thank you, Your Honor. Judges, I will stand for a minute. All rise. This court for this session stands adjourned. Thank you.
judges: Singleton, Kozinski, Wardlaw